UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 00-4374

PAMELA LYLES,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 00-4375

JOHN C. EDMOND,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-97-307)

Submitted: April 30, 2001

Decided: May 23, 2001

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard S. Stolker, LAW OFFICES OF RICHARD S. STOLKER, P.A., Rockville, Maryland; Marc Seguinot, LAW OFFICES OF

MARC SEGUINOT, Fairfax, Virginia, for Appellants. Stephen M. Schenning, United States Attorney, David I. Salem, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pamela Lyles and John C. Edmond appeal from their convictions following their guilty pleas to mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000). The Appellants claim first that the bankruptcy court order barring Lyles from practicing before it was void and, therefore, the purported violation of that order could not form the basis for a crime. However, a valid guilty plea constitutes an admission of the material elements of the crime, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, such as defects in the indictment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, the Appellants have waived their rights to contest this issue.

The Appellants also claim that the district court abused its discretion in denying their joint motion to withdraw their guilty pleas. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Based on the factors set out in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and after reviewing the transcript of the Fed. R. Crim. P. 11 hearing, we find that the court did not abuse its discretion in denying that motion.

To the extent that the Appellants claim that they were denied effective assistance of counsel, we decline to review such claims on direct appeal because they cannot show conclusively from the face of the record that counsel provided ineffective representation. *United States*

*v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2000)), *cert. denied*, 528 U.S. 1096 (2000).

Accordingly, we affirm Lyles' and Edmond's convictions and sentences. Lyles has filed a petition for a writ of mandamus which we construe as a motion for bail pending appeal. In light of the disposition of these appeals, we deny the motion as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*